**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ABC PIPING, CO. | ) | CASE NO: 5:25-cv-01971 |
| | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| BRIGADIER CONSTRUCTION | ) | |
| SERVICES, LLC, et al., | ) | |
| | ) | (Resolves Doc. 7) |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendant QBE America, Inc.'s motion to dismiss and/or stay pending

arbitration pursuant to Fed.R. Civ. Pro. 12(b)(1), (3) and (6). Doc. 7. For the reasons stated below

QBE's motion to stay is GRANTED. The motion to dismiss is DENIED. The matter is hereby

STAYED pending mediation/arbitration.

## I.     FACTUAL BACKGROUND

The Complaint explains that

> [t]his is an action pursuant to 40 U.S.C.A §3131 et seq. (the "Miller Act") brought
> in the name of the United States of America, for the use and benefit of the ABC
> Piping Co., ("ABC" or "Plaintiff") against Brigadier Construction Services, LLC
> ("Brigadier"), and QBE Americas, Inc. ("QBE") (collectively "Defendants"), to
> recover money damages incurred by the ABC Piping Co., on a federally-owned
> project for the construction of the Louis Stokes Cleveland Department of Veterans
> Affairs Medical Center operating room project located at 10701 East Boulevard
> Cleveland, Ohio 44106 ("Project").

Doc. 1, p. 1-2. Defendant Brigadier entered into a contract with the VA to serve as the prime

contractor on the Project. Doc. 1, ¶14. "In connection with the Project, Brigadier furnished to the

VA a 'Miller Act' bond, to which QBE, as surety, bound itself to pay jointly and severally with

Brigadier, as principal, any and all unpaid amounts due to any person having a direct relationship

1

with Brigadier and anyone in privity therewith for furnishing labor, material, or both in connection with the Project up to the stated penal sum." Doc. 1, ¶15. Plaintiff entered into a subcontract with Defendant Brigadier to provide HVAC, fire suppression and other mechanical work. Doc. 1, ¶12, 20. Plaintiff contends that, as a subcontractor to Defendant Brigadier, it is an intended beneficiary of the bond.

On October 26, 2023, the VA terminated Defendant Brigadier while Plaintiff was performing its subcontract work. Doc. 1, ¶24. Plaintiff contends that Defendant Brigadier failed to pay its invoices and demands for payment. Doc. 1, ¶36. Accordingly, Plaintiff made a claim under the QBE Bond. Doc. 1, ¶38. Plaintiff alleges that QBE has failed to pay. Doc. 1, ¶39.

The Complaint sets forth three causes of action: Count I – Breach of Subcontract and Additional Cost Claims against Defendant Brigadier; Count II – Unjust Enrichment against Defendant Brigadier; and Count III – Miller Act Claim on Payment Bond against Defendants Brigadier and QBE. Doc. 1.  QBE moved to dismiss and/or stay these proceedings pending arbitration. Doc. 7. Plaintiff agrees that the matter should be arbitrated and opposes the motion only insofar as it disagrees that the matter should be dismissed rather than stayed.

## II.  THE PARTIES AGREE TO ARBITRATE

The Sixth Circuit set forth the standard for reviewing a motion to compel arbitration in *Stout v. J.D. Byrider*, 228 F. 3d 709 (6th Cir. 2000) as follows:

> A court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Id*. at 714. Any doubt regarding the applicability of an arbitration clause should be resolved in favor of arbitration. *Id.* at 715.

The parties agree that the instant matters should be mediated. Doc. 14, p. 1. Accordingly, it is unnecessary for this Court to undertake a lengthy review of the issue. There is no dispute that the contract between Plaintiff and Defendant Brigadier contains an agreement to arbitrate "[i]f a dispute arises out of or relates to this Agreement or its breach." Doc. 7-2, p. 9. The Sixth Circuit has held that "an arbitration clause requiring arbitration of any dispute arising out of an agreement is 'extremely broad.'" *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 578 (6th Cir. 2003) (quoting *Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 160 (6th Cir.1983). There is no dispute that the parties' arbitration agreement encompasses at least some, if not all of Plaintiff's claims. The parties are compelled to arbitrate.

## III. A STAY IS APPROPRIATE

The Federal Arbitration Act provides that when a court compels arbitration "the court…shall on application of one of the parties stay the trial of the action…" 9 U.S.C. § 3. Further, the Sixth Circuit has indicated that a district court should ordinarily stay, rather than dismiss, an action after it compels arbitration where one party asks for a stay. *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F. 4th 938, 942 (6th Cir. 2021). Accordingly, QBE's motion to stay pending arbitration is GRANTED. Doc. 7. QBE's motion to dismiss is DENIED, subject to refiling, if necessary, at the completion of arbitration. The parties shall jointly file a status report to notify the Court of the completion of arbitration. This matter is STAYED pending arbitration.

**IT IS SO ORDERED.**

July 16, 2026
Date

                */s/ John R. Adams*
                JOHN R. ADAMS
                UNITED STATES DISTRICT JUDGE

3